## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **PAYLESS SHOESOURCE, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 11-CV-4145-CM** |
| | ) | |
| **DIANA JOYE as Trustee of The Dena Trust,** | ) | |
| **and THE DENA TRUST,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

Defendants The Dena Trust ("Trust") and Diana Joye, as Trustee of the Trust ("Trustee")

(collectively "Dena") move to dismiss plaintiff Payless Shoesource, Inc's complaint for lack of

personal jurisdiction and improper venue.  In the alternative, Dena moves to transfer this lawsuit to the

Eastern District of California pursuant to 28 U.S.C. §§ 1406 or 1404.  The court considers personal

jurisdiction before venue.  Because Kansas courts construe the long-arm statute to the same limits

allowed by federal due process, this court has personal jurisdiction when: (1) there exist "minimum

contacts" between the defendant and the forum state, and (2) the defendant's contacts with the forum

state are such that the maintenance of the suit does not offend traditional notions of fair play and

substantial justice.  The court determines neither prong is satisfied in this case.  The court lacks

personal jurisdiction but, rather than dismiss this case, the court transfers it to the Eastern District of

California pursuant to 28 U.S.C. § 1631.  Accordingly, the court denies Dena's motion and transfers

this case.

### I.      FACTUAL BACKGROUND

Payless is a Missouri corporation with its principal place of business in Topeka, Kansas.

Defendant Trust is a California Trust.  And Defendant Trustee resides in California.  Payless instituted

this lawsuit alleging that Dena breached its obligations under a July 1987 lease concerning retail space in the Sutter Crossroads Shopping Center in California.  Although neither Payless nor Dena is a signatory to the original lease executed in July 1987, each is a successor-in-interest to the lease.  Payless is the successor-in-interest to the named tenant, and Dena is the successor-in-interest to the landlord.  Payless and Dena are, however, signatories to a lease amendment executed in August 2010.

Payless's complaint alleges that Dena breached the retail lease by overcharging Payless for common area maintenance ("CAM"), taxes, and insurance by excluding square footage from the denominator used to calculate Payless's share.  Payless also alleges that Dena violated the "Most Favored Nations" provision in the lease by requiring Payless to pay a greater pro rata share of the taxes, insurance, and CAM than other tenants in the shopping center.  Lastly, Payless seeks a declaratory judgment that it is entitled to access the books and records in Dena's possession relating to CAM, taxes, and insurance.  Dena states that all records (including expense bills, worksheets, bank records, and calculations for allocations between tenants) are located in California.

## II.    LEGAL STANDARDS

Dena moves to dismiss Payless's complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) because this court lacks personal jurisdiction over Dena.  Payless has the burden to establish personal jurisdiction over each defendant.  *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998).  Because the court decides this motion on the basis of affidavits and other written materials, Payless only needs to make a prima facie showing of personal jurisdiction.  *Id.* The court assumes the allegations in the complaint are true to the extent they are not controverted by Dena's affidavits, and all factual disputes are resolved in Payless's favor.  *See Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (discussing a motion to dismiss for lack of personal jurisdiction and stating "[w]e must resolve any factual disputes in the plaintiff's favor").

In analyzing personal jurisdiction, the district court must determine: (1) whether the defendant's conduct falls within the forum state's long-arm statute, and (2) whether the exercise of personal jurisdiction over the defendant satisfies the constitutional guarantee of due process. *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). Because Kansas courts construe the long-arm statute to the same limits allowed by federal due process, the court proceeds directly to the constitutional due process inquiry. *OMI*, 149 F.3d at 1090.

Due process allows a federal court sitting in diversity jurisdiction to exercise personal jurisdiction over a non-resident defendant only so long as there exist "minimum contacts" between the defendant and the forum state. *World-Wide Volkswagen, Co. v. Woodson*, 444 U.S. 286, 291 (1980) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).[1] The defendant's contacts must be such "that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316 (internal quotations omitted). The Tenth Circuit has repeatedly stated that "[t]he sufficiency of a defendant's contacts must be evaluated by examining the defendant's conduct and connections with the forum state to assess whether the defendant has 'purposefully availed itself of the privilege of conducting activities within the forum State.'" *Rambo v. Am. S. Ins., Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988) (alteration in original) (quoting *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1130 (10th Cir. 1987) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). In a breach of contract case between citizens of different states, the application of the due process standard is guided by the Supreme Court's opinion in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, (1985).

---

[1] The court recognizes that there is general personal jurisdiction and specific personal jurisdiction. The facts before the court do not suggest that Dena has "continuous and systematic general business contacts" with Kansas. *Helioteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Therefore, only specific personal jurisdiction is relevant to this case.

III.   **ANALYSIS**

A.   **Dena Does Not Have Sufficient Minimum Contacts With Kansas**

Payless argues that Dena purposefully availed itself of the privilege of conducting business in Kansas because: (1) Dena entered a lease with a company headquartered in Kansas, (2) the lease and lease amendment were signed by Payless (or Payless's predecessor-interest) in Kansas, (3) the lease required Dena to send all notices and billing statements to Kansas, (4) Dena accepted over 200 payments that were processed in Kansas, (5) Dena was required to send any payment that it owed under the lease to Kansas (and actually sent at least one "credit" to Payless in Kansas), and (6) Dena regularly communicated with Payless representatives in Kansas concerning the lease and the lease amendment.

Payless's argument focuses on the number of contacts that Dena had with Kansas and the amount of payments that Dena received under lease.  But the number of contacts that Dena has with Kansas is not determinative.  *See Rambo*, 839 F.2d at 1418 ("In proper circumstances, even a single letter or telephone call to the forum state may meet due process standards.").  Rather, the proper focus for due process is whether the nature and quality of Dena's contacts represent an effort by Dena to "purposefully avail[] itself of the privilege of conducting activities within the forum State." *Hanson*, 357 U.S. at 253.  This is not a mechanical analysis but, instead, requires the court to realistically analyze Dena's contacts with Kansas.  *See Burger King*, 471 U.S. at 478 (noting that the Supreme Court has rejected "mechanical tests" and has emphasized the need for a "highly realistic" approach).  And a realistic analysis of Payless's urged contacts reveals that the lease concerns property in California, that the billing statements concern expenses incurred in California in conjunction with Payless's store in California, and that the communications concern lease administration for the California property.  These contacts do not realistically suggest that Dena purposefully availed itself of the privilege of conducting activities in Kansas.

Several other facts support this conclusion.  First, the record before the court includes no facts suggesting that Dena solicited business in Kansas or advertised the property in Kansas.  The lack of these facts is significant and reinforces the conclusion that Dena did not purposefully avail itself of the privilege of conducting activities in Kansas.  Second, the record includes no facts indicating that Dena was ever physically present in Kansas.  Although physical presence within the forum is not required, the lack of physical presence is a relevant consideration.  *Burger King*, 471 U.S. at 476.  Third, the lease includes a California choice-of-law provision.  This clause reflects an intention to take advantage of California's law—not the laws and protections of Kansas.  *See id.* at 482 (giving weight to Florida choice of law clause).  Fourth, the lease does require Dena to send notices and any payments Dena owes to an address in Kansas.  But the same provision also allows Payless to change this address upon written notice.  This indicates that Payless's location in Kansas was not relevant to performance of the lease.  Fifth, the fact that Payless processed or transmitted rent payments from Kansas is not material to performance.  Payless was obligated to pay rent, but it did not matter where the payment came from.

Payless cites to *Pehr v. Sunbeam Plastics Corp.*, 874 F. Supp. 317 (D. Kan. 1995), to support its argument that personal jurisdiction is appropriate in this case.  In *Pehr*, the district court concluded that personal jurisdiction over the defendant was appropriate.  *Id.* at 321.  But *Pehr* is readily distinguishable.  In *Pehr*, a Kansas resident entered into a contract with a foreign defendant.  *Id.* at 319.  Under the contract, the Kansas resident licensed intellectual property rights to the defendant.  *Id.* The Kansas resident also agreed to prosecute and maintain the patents.  *Id.*  Importantly, the Kansas resident held those patent rights in Kansas.  *Id.*  In exchange, defendant was required to send payments to plaintiff in Kansas.  *Id.*  Although there are several facts that distinguish *Pehr* from the current case,

the primary distinction is that the relevant property (and the subject of the contract) in this case is located in California—not Kansas.

A case more closely analogous to the facts at issue here is a case from the Eastern District of Louisiana, which the court located while conducting its own research and finds persuasive.  *See My Favorite Year, Inc. v. Kiosk Building Assocs., Inc.*, No. 90-2155, 1991 U.S Dist. LEXIS 2370 (E.D. La. Mar. 4, 1991).  In *Kiosk*, the plaintiff was a Louisiana corporation that leased retail space in Virginia and Maryland from a Virginia limited partnership.  The plaintiff sued the defendant-lessor in Louisiana for breaches of the leases, and the defendant moved to dismiss for lack of personal jurisdiction.  The defendant-lessor argued that its only contacts with Louisiana relate to administration of the leases.  The district court granted the motion and wrote that:

> It is impossible for this Court to fathom how, by virtue of sending invoices or allowing a lessee's books to be kept in Louisiana, it could be said that [defendant] has "purposefully availed" itself of conducting *activities* within Louisiana or that [defendant] has therefore "invoked the benefits and protections of the laws of Louisiana."  This argument rings particularly hollow in light of the fact that the contract which provides the basis of this suit looks to Virginia law for interpretation.  This "continuing obligation" between [plaintiff] and [defendant], which plaintiff claims gives rise to the jurisdiction of this Court, is not shielded by Louisiana law, nor has it any substantial connexity with this state.

*Id.* at *8 (emphasis in original); *see generally CVS Corp. v. Taubman Cntrs., Inc.*, 225 F. Supp. 2d 120 (D.R.I. 2002) (determining the court lacked personal jurisdiction over a non-resident lessor of retail space).

Like the defendant in *Kiosk*, Dena's contacts with Kansas are too attenuated to permit this court to exercise personal jurisdiction over it.  The property that is the subject of the lease agreement is in California, and California law governs the lease.  And there is no evidence before this court suggesting that Dena was ever physically present in Kansas, that Dena solicited business in Kansas, that Dena advertised the property in Kansas, or that Dena lured Payless to California.  Payless

essentially asks this court to find personal jurisdiction over a lessor in any district in which the lessee resides regardless of where the subject property is located, the law that governs the contract, and who solicited the relationship.  This essentially reduces the "minimum contacts" analysis to whether the parties entered a contract, which the Supreme Court has rejected.  *See Burger King*, 471 U.S. at 478 (explaining that an individual's contract with an out-of-state party alone cannot automatically establish sufficient minimum contacts in the other party's home forum).  Accordingly, this court determines that Dena lacks minimum contacts with Kansas.

### B.   <u>Maintenance Of This Suit In Kansas Offends Traditional Notions Of Fair Play And Substantial Justice</u>

Even if Payless had demonstrated sufficient minimum contacts, the court determines that the exercise of personal jurisdiction over Dena would offend traditional notions of fair play and substantial justice.  In making this determination, the court considers: "(1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies."  *OMI*, 149 F.3d at 1095 (citing *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 113 (1987)).

The burden on Dena in litigating in Kansas would be significant.  Dena is a California Trust and a California Trustee.  The relevant property is in California, and several witnesses and documents are in California.  And the record before the court does not contain any facts suggesting that Dena has traveled to Kansas or is licensed to conduct business in Kansas.  Kansas obviously has an interest in providing a forum for its residents to seek redress for injuries.  *Burger King*, 471 U.S. at 483.  But Kansas has little interest in resolving a breach of contract dispute that concerns California property, that involves breaches that allegedly occurred in California, and that is governed by California law.

Payless can receive convenient and effective relief in California because California law governs the contract and because Payless has conducted business in California for several years. *See OMI*, 149 F.3d at 1097 (explaining that this factor considers whether the other forum's laws will greatly diminish plaintiff's chance of recovery and whether the burden on plaintiff to litigate in the other forum will practically foreclose the lawsuit); see also *Kiosk*, 1991 U.S. Dist. LEXIS 273, at 10 ("The 'burden' of conducting this litigation in Virginia is the price MYF must pay for its anticipation of tasting the fruits of doing business in that state.").

Factors four and five also indicate that jurisdiction in Kansas does not comport with due process. Kansas is not the most efficient forum to resolve this controversy because several witnesses (including all other tenants of the retail shopping complex that contribute to CAM) and most of the documents are in California. The court notes that several non-party witnesses are outside this court's subpoena power, which also weighs in Dena's favor. And the actions giving rise to the alleged breaches occurred in California. *See id.* (explaining that the key facts relevant to the fourth factor include the location of the witnesses, the location of the wrong, the governing substantive law, and whether jurisdiction is necessary to avoid piecemeal litigation). The last factor considers fundamental substantive social policies. The lease is governed by California law, which tips the fifth factor in Dena's favor. Based on the above analysis, the court concludes that litigating this case in Kansas is inconsistent with the notions of fair play and substantial justice.

### C. <u>This Case Is Transferred To The Eastern District Of California Under 28 U.S.C. § 1631</u>

For the above reasons, the court determines that it lacks personal jurisdiction over Dena. Therefore, the court does not address Dena's remaining motions. But 28 U.S.C. § 1631 requires this court to consider whether to transfer this case instead of dismissing it. *Trujillo v. Williams*, 465 F.3d 1210, 1222–23 (10th Cir. 2006). Section 1631 provides that:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if in the interest of justice, transfer such action . . . to any other court in which the action  . . . could have been brought at the time it was filed.

The Tenth Circuit has held that § 1631 applies in cases whether either subject matter jurisdiction or personal jurisdiction is lacking.  *Trujillo*, 465 F.3d at 1222 n. 15.  The Tenth Circuit has further explained that the district court can consider this issue *sua sponte*.  *Id.* at 1221.  When determining whether transfer is in the interest of justice, the court should consider whether the new action would be time barred, whether the claims are likely to have merit, and whether the original action was filed in good faith.  *Id.* at 1223 n.16.  The court determines that transferring this case to the Eastern District of California is in the interests of justice.

Dismissing this case could result in some portion of Payless's damages being time barred. And, after a cursory review of the substantive allegations in Payless's complaint, it appears that Payless's claims are non-frivolous.  Both of these factors support transfer.  Several other factors also indicate that transfer is appropriate in this case including: (1) the lease is governed by California law, (2) the alleged breaches occurred in California and involve retail space in California, (3) transfer is less time-consuming and conserves resources, and (4) several witnesses and documents are in California.  In addition, this lawsuit could have originally been brought in the Eastern District of California because there would have been complete diversity of the parties, the Trustee resides in the Eastern District of California, the Trust owns property in the Eastern District of California, and both defendants can be served in the Eastern District of California.  For all of these reasons, the court concludes that the interests of justice dictate that this case should be transferred to the Eastern District of California rather than dismissed.[2]

---

[2]    Even if the court had jurisdiction, it would transfer this case to the Eastern District of California under 28 U.S.C. § 1404.  The court gives Payless's choice of forum significant weight.  But the lease concerns real property in California, the documents that Payless seeks access to are in California, the alleged breaches occurred in California,

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Doc. 13) is denied.

**IT IS FURTHER ORDERED** that this action be transferred to the Eastern District of California under 28 U.S.C. § 1631. The Clerk of this Court is directed to send a copy of this order to the Clerk of the Court for the Eastern District of California.

Dated this 27th day of February, 2012, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
United States District Judge

---

and the lease is governed by California law. Payless identifies four Payless employees that reside in Kansas that it will call to trial. Dena notes that the other tenants of the retail shopping area will likely testify (e.g., at least with respect to the CAM allegation) and are beyond the subpoena power of this court. Accordingly, the court would order the transfer.