1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11    PAYLESS SHOESOURCE, INC., a              No.  2:12-cv-00517-MCE-DAD
      Missouri corporation,
12
                       Plaintiff,
13                                             **ORDER**
              v.
14
      DIANA JOYE, as Trustee of The Dena
15    Trust, THE DENA TRUST,  a California
      trust,
16
                       Defendants.
17

18

19           Through the present motion, Defendants Diana Joye, as Trustee of the Dena

20    Trust, and The Dena Trust, a California trust (hereinafter "Defendants") seek to amend

21    their March 12, 2012 answer in this matter (ECF No. 24) to assert additional affirmative

22    defenses.  Defendants claim those defenses squarely conform with the position they

23    have taken in this case since its inception, and are now being advanced only because

24    additional research, made in connection with Defendants' concurrently pending Motion

25    for Summary Judgment  (ECF No. 35), has suggested they may be applicable.  Plaintiff

26    Payless Shoesource, Inc. ("Plaintiff" or "Payless") opposes the motion on grounds both

27    that Defendants' request is untimely and that allowing the additional defenses at this

28    juncture would be prejudicial.

                                               1

1    Because a Pretrial Scheduling Order ("PTSO") was issued in this matter on

2  June 19, 2012 (see ECF No. 30), and because that Order provides at paragraph II. that

3  no further amendment will be permitted absent a showing of good cause, the Court must

4  first consider whether Defendants have shown the requisite "good cause" to deviate from

5  the PTSO under Federal Rule of Civil Procedure 16(b). [1]   That standard primarily

6  considers the diligence of the party seeking the amendment.  Johnson v. Mammoth,

7  975 P. 2d 604, 610.  Only if such good cause is established should the court turn to the

8  more liberal parameters of Rule 15(a), which provides that "leave [to amend] shall be

9  freely given when justice so requires."  Fed. R. Civ. P. 15(a); Kuschner v. Nationwide

10  Credit, Inc., 256 F.R.D. 684, 687 (E.D. Cal. 2009).  The policy of favoring amendments

11  to pleadings, as evinced by Rule 15(a), is delegated to the court's sound discretion and

12  "should be applied with extreme liberality."  United States v. Webb, 655 F.2d 977, 979

13  (9th Cir. 1981).

14    Plaintiff leases commercial property located in Yuba City, California, from

15  Defendants.  In bringing this lawsuit, Plaintiff takes issue with the formula utilized for

16  Defendants for some 20 years to calculate the Plaintiff's pro-rata share of property taxes,

17  insurance and common area maintenance expenses for the Payless property.  Plaintiff

18  alleges that these so-called "pass-through" charges fail to comply with the formula set

19  forth in the parties' lease agreement.

20    Defense counsel's initial March 2012 answer included eight affirmative defenses:

21  including statute of limitations, laches, modification, accord and satisfaction, consent,

22  waiver, estoppel and a reservation of rights to assert additional affirmative defenses.

23  Defs.' Answer, ECF No. 24.

24  ///

25  ///

26  ///

27    [1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless
otherwise noted.

28

1   According to defense counsel, on or about June 22, 2013, in performing research

2   necessary for Defendants' summary judgment motion, he located a case, In re

3   Rockefeller Center Properties, 2672 B.R. 524 (S.D.N.Y. 2000) that was decided in the

4   landlord's favor on summary judgment under facts similar to those of the case at bar.

5   Decl. of Anthony L. Vignolo, ¶ 5.  Significantly, the Rockefeller court considered

6   additional affirmative defenses in making its finding in that regard, including doctrines of

7   voluntary payment and account stated that had not been originally included in

8   Defendants' initial answer herein.

9        Defense counsel Anthony Vignolo contacted Payless' counsel two days later with

10  a request that he stipulate to the filing of an amended answer, adding additional

11  affirmative defenses.  Id. at ¶ 6.  Plaintiff counsel wanted to see a copy of the proposed

12  amended answer, which Mr. Vignolo forwarded within three days, on June 27, 2013.

13  After being informed on July 2, 2013, that Plaintiff would not stipulate to the filing of an

14  amended answer, defense counsel filed the motion now before the Court on July 23,

15  2013.  Id.

16       Trial in this matter is not scheduled to begin until June 23, 2014.  As indicated

17  above, Defendants argue that the additional affirmative defenses they propose[2] conform

18  to the position they have taken throughout this lawsuit; namely, that defendants' failure

19  to object to a formula used for some 20 years is a complete defense to the belated

20  claims now presented by way of this lawsuit.  According to Defendants, the new

21  defenses it seeks to add are all species of the same defenses asserted in its original

22  answer, and Plaintiff does not argue otherwise.  While Plaintiff argues that defense

23  counsel's failure to seek inclusion of the additional defense earlier was not diligent, as

24  set forth above, Mr. Vignolo's declaration indicates that he took steps to include the

25  additional defenses within days of locating authority suggesting they might be indicated.

26  ///

27       [2] Those defenses include account stated and the voluntary payment doctrine as indicated above, along with mistake, excuse, frustration of purpose, changed circumstances, impossibility/impracticability

28  and novation.

3

1    Under the circumstances, the Court concludes that defense counsel has

2  demonstrated the diligence necessary to establish "good cause" under a Rule 16(b)

3  analysis. Consequently, the Court looks back to the liberal standard articulated by Rule

4  15(a) to consider whether in fact to grant the requested amendment.  Kuschner v.

5  Nationwide Credit, Inc., 256 F.R.D. at 687.  It would be an abuse of discretion to deny a

6  motion to amend under Rule 15(a) where there is a lack of prejudice to the opposing

7  party and the proposed amended complaint is neither futile nor sought in bad faith.

8  Yakima Indian Nation v. Wash. Dept. of Revenue, 176 F.3d 1241, 1246 (9th Cir. 1999).

9    While Plaintiff ostensibly claims prejudice, it identifies no specific discovery

10  whatsoever it would need to undertake if the requested additional affirmative defenses

11  are permitted.  Nor would such discovery appear likely given the fact, as represented by

12  Defendants, that the requested new defenses all relate to the same theories relied on

13  from the onset in defending this matter.  Additionally, Plaintiff advances no argument to

14  counter Plaintiff's position that it sought to add the new defenses, in good faith, when

15  additional research indicated they might be applicable.

16    Given the foregoing, Defendants' Motion for Leave to File Amended Answer (ECF

17  No. 36) is GRANTED.[3]  Defendants are directed to file their proposed First Amended

18  Answer to Complaint not later than ten (10) days after this Order is electronically filed.

19    IT IS SO ORDERED.

20  Dated:  January 30, 2014

21

22

23  _____
    MORRISON C. ENGLAND, JR, CHIEF JUDGE
24  UNITED STATES DISTRICT COURT

25

26

27

28    [3] Because oral argument was not of material assistance, the Court ordered this matter submitted
    on the briefs.  E.D. Cal. Local Rule 230(g).