**LEWIS BRISBOIS BISGAARD & SMITH LLP**
E-Mail: shane.singh@lewisbrisbois.com
SHANE SINGH, SB# 202733
2850 Gateway Oaks Drive, Suite 450
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

William F. Devine, VSB No. 26632 *(Admitted Pro Hac Vice)*
E-Mail: wdevine@williamsmullen.com
Lauren M. Wheeling, VSB No. 75559 *(Admitted Pro Hac Vice)*
E-Mail: lwheeling@williamsmullen.com
WILLIAMS MULLEN
999 Waterside Drive, Suite 1700
Norfolk, VA 23510
Telephone: 757.622.3366
Facsimile: 757.629.0660

Attorneys for Plaintiff,
PAYLESS SHOESOURCES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| PAYLESS SHOESOURCE, INC., a Missouri corporation,<br><br>   Plaintiff,<br><br>vs.<br><br>DIANA JOYE, as Trustee of The Dena Trust, THE DENA TRUST, a California trust,<br><br>   Defendant. | CASE NO. 2:12-cv-00517-MCE-DAD<br><br>**STIPULATION AND ORDER TO SET ASIDE JUDGMENT**<br><br>The Hon. Morrison C. England, Jr. |

Plaintiff, Payless ShoeSource, Inc. ("Payless"), and Defendants, Diana Joye, as Trustee of The Dena Trust, and The Dena Trust, a California trust ("Landlord"), each by counsel, jointly move to vacate the judgment in this action on the following grounds.

## I.     Introduction

This is a private action between Payless, as tenant, and Landlord concerning the propriety of certain charges under a retail store lease (the "Lease"). Payless contended it was overcharged, and Landlord asserted that the charges were appropriate. The Court granted summary judgment in favor of Landlord, dismissing Payless' claims. (Doc. 57 and 58) Payless filed a Notice of Appeal from the summary judgment decision and judgment order. (Doc. 62) Landlord moved for an award of attorneys' fees (Doc. 60), Payless responded (Doc. 65), and Landlord filed a reply (Doc 70). The Court denied Landlord's request for fees pending the decision on appeal. (Doc. 72) While the matter was on appeal, the parties reached an agreement to resolve the dispute, conditioned on vacatur of the summary judgment opinion and resulting judgment and filed a stipulation of dismissal in the Ninth Circuit, asking that the matter be remanded to this Court in order to seek vacatur. The Court of Appeals entered an order on June 17, 2014, dismissing the appeal without prejudice to reinstatement pursuant to the stipulation. (Doc. 73)

## II.    Standard for Vacatur

Rule 60(b) of the Federal Rules of Civil Procedure allows relief from a judgment for a variety of reasons, including "any … reason justifying relief from the operation of the judgment." The Advisory Committee Notes reflect that Rule 60 was "intended to cover the whole field." A court faced with a motion to vacate under Rule 60 should use its discretion in granting or denying the motion "upon such terms as are just." Fed. R. Civ. P. 60(b)(6); *see also Lohman v. General Am. life Ins. Co.,* 478 F.2d 719, 724 (8th Cir. 1973), *cert. denied*, 414 U.S. 857 (1973). Justice Black described the court's discretion under Rule 60(b)(6): "In simple English, the … 'other reason' clause … vests power in the courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States,* 335 U.S. 601, 614-15 (1949).

In *Ringsby Truck Lines, Inc. v. Western Conference of Teamsters*, the United States Court of Appeals for the Ninth Circuit recognized that a motion for vacatur raised potentially "competing values of finality of judgment and the right to relitigation of unreviewed disputes," which should be left to the district court. 686 F.2d 720, 722 (9th Cir. 1982).

In *American Games, Inc. v. Trade Products, Inc.*, 142 F.3d 1164 (9th Cir. 1998), Stuart Entertainment sued Trade Products in federal court in Washington for infringing on copyrights covering a series of bingo cards. The district court held that the cards were not copyrightable, and Stuart Entertainment appealed. While the appeal was pending, Stuart Entertainment acquired Trade Products, rendering the controversy moot. The Ninth Circuit dismissed the appeal and remanded the case to the district court to consider vacatur.

Stuart Entertainment had also sued American Games in District of Iowa for copyright infringement concerning another series of bingo cards. American Games relied on the district court's opinion in the Trade Products litigation to defeat Stuart Entertainment's request for a preliminary injunction. The Washington district court allowed American Games to intervene in order to oppose vacatur. The district court engaged in an equitable balancing of hardships analysis and vacated the judgment. American Games appealed.

The Court of Appeals first determined that the district court applied the proper standard, rejecting American Games' argument that the "exceptional circumstances" standard addressed in *US Bancorp v. Bonner Mall*, 513 U.S. 18, 29 (1994), applied. The Ninth Circuit explained that the "exceptional circumstances" standard only applies when an appellate court vacates the judgment of the court below when an appeal becomes moot. Thus, the Ninth Circuit has adopted a standard practice of remanding such cases "so the district court can decide whether to vacate its judgment 'in light of the consequences and attendant hardships of dismissal or refusal to dismiss' and 'the competing values of finality of judgments and the right of relitigation of unreviewed disputes.'" *American Games, Inc.*,

142 F.3d at 1168 (quoting *Dilley v. Gunn*, 64 F.3d 1365, 1370-71 (9th Cir. 1995) (quoting *Ringsby Truck Lines*, 686 F.2d at 722)).  The Court of Appeals further confirmed that the district court considering vacatur can employ the equitable balancing test "even if Stuart [Entertainment] and Trade Products had mooted their case by settlement."  142 F.3d at 1169.

Courts considering requests to vacate a judgment at the request of the parties as a part of a settlement should strive to balance a desire for finality of judgments, considerations of judicial economy, a preference for settlement, and respect for party autonomy over their disputes.  In *Nestle Co., Inc. v. Chester's Market, Inc.*, 756 F.2d 280 (2nd Cir. 1985), for example, Nestle sued Saccon for trademark infringement. The district court granted Saccon partial summary judgment, holding that the term "toll house" was generic.  Nestle appealed.  The parties were able to agree on a settlement, conditioned on vacatur, through the Second Circuit's mediation program. The Second Circuit remanded to the district court to consider the motion to vacate, and the district court denied the motion. *Nestle Co., Inc. v. Chester's Mkt., Inc.*, 596 F. Supp. 1445 (D. Conn. 1984).  On appeal, the Second Circuit found that the District Court abused its discretion by refusing to vacate and remanded the case with instructions to vacate the order and dismiss the complaint. *Nestle*, 756 F.2d 280.

The district court in *Nestle* emphasized the importance of finality of judgment and the public interest.  The Second Circuit believed those important goals were best served by vacating the judgment, which would bring an end to the litigation and conserve private and public resources.  The Second Circuit also noted the strong preference for settlement, which it concluded outweighed the interest in finality of judgment, and saw no virtue in forcing parties to continue to litigate because of future "hypothetical" defendants. *Nestle*, 756 F.2d at 284.

## III. Analysis

Several factors weigh in favor of vacatur.  *First,* this is a case between a landlord and a tenant under a 27-year-old lease for retail store space in one California shopping

center. There are no overarching issues of public concern involved. This fact weighs heavily in favor of vacatur.

*Second,* the underlying facts that influenced this court's decision on summary judgment are highly unusual. When the lease was entered into, the entire shopping center was under common ownership and the lease provisions setting forth Payless' obligation to pay a proportionate share of pass-through expenses were intended to apply to the entire shopping center. Seven years into the lease term, the parcels comprising the shopping center were sold to different owners, and Landlord developed and communicated to Payless a revised formula for charging pass-through expenses which depended on the nature of the particular expense. Payless executed an estoppel certificate in 1996, after receiving an explanation of the revised formula, and engaged in annual reconciliations of the charges over many years, including one outside audit. Based upon these unusual circumstances, this court determined that Payless was estopped from challenging the revised formula. The uniqueness of the underlying facts weighs in favor of vacatur.

*Third,* these private parties desire to settle and resolve their differences without the expense, uncertainty, and delay inherent in the appellate process. As the Second Circuit noted in *Nestle*, the conservation of private and public resources, and the strong preference for settlement, are important considerations and weigh in favor vacatur. Notably, both *Nestle* and *American Games* involved copyright law where plaintiffs asserted the same alleged rights (the term "toll house" as applied to cookies in *Nestle* and the bingo cards in *American Games*) in multiple cases, and the finality of the judgment would be of much greater importance to non-parties (other cookie makers or bingo card manufacturers) than it would be here. Nonetheless, underlying judgment was vacated in both cases.

### IV.    Conclusion

For the foregoing reasons, Plaintiff, Payless ShoeSource, Inc., and Defendants, Diana Joye, as Trustee of The Dena Trust, and The Dena Trust, a California trust, each by counsel, jointly request that the court enter an order (a) vacating the Memorandum and Order (Doc. 57) and the Judgment Order (Doc. 58) in this action, (b) dismissing this

action, and (c) granting such other, further, and additional relief as is appropriate.

IT IS SO STIPULATED.

DATED: October 1, 2014         SHANE SINGH
                               LEWIS BRISBOIS BISGAARD & SMITH LLP

                               By:    /s/ Shane Singh, Esq.
                                      Shane Singh
                                      Attorneys for Plaintiff, PAYLESS
                                      SHOESOURCES, INC.

DATED: October 1, 2014         DOWNEY BRAND, LLP

                               By:    /s/ Anthony L. Vignolo, Esq.
                                      Anthony L. Vignolo
                                      Attorneys for Defendants, DIANA JOYE, as
                                      Trustee of the Dena Trust and THE DENA
                                      TRUST, a California Trust

### ORDER

Based on the foregoing stipulation of the parties, and particularly their representation that they have settled this matter conditioned on vacatur of the Court's Memorandum and Order filed February 5, 2014, as well as the resulting judgment entered the same day, IT IS HEREBY ORDERED that said judgment (ECF No. 58) be set aside and that the Memorandum and Order upon which the judgment was premised (ECF No. 57) be vacated.  Moreover, in accordance with the parties' request, this lawsuit is dismissed, with prejudice, in its entirety.  The Clerk is directed to close this case.

Dated: October 2, 2014

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT